S. Samuel Di Falco, S.
This is an application for instructions by the petitioner trustee. Under the will paragraph Tenth, subdivisions (c) and (d) directs that two trusts, each valued at about $17,500, be established with each one having two persons as life beneficiaries, the survivor to receive the *72 entire income, and containing provisions for invasion of the principal to each life beneficiary during their lifetime together with the right to invade the entire corpus of the trust fund for their use under certain conditions.
Petitioner trustee has proposed to divide the two trusts so there will be four separate trusts for the respective beneficiaries limiting each life beneficiary to a one-half interest in the trust corpus. It is the trustee’s contention that to construe the will otherwise would deprive one beneficiary of financial assistance during her lifetime.
In paragraph Tenth, subdivision (c) of the will the testator states: “ Paragraph (c) —If physical or mental injury or impairment or prolonged illness — which illness shall be considered prolonged if continuous for one week’s duration — , or if any surgical operation or other happening "whatsoever or emergency befall either beneficiary requiring expenditures additional to said beneficiaries ’ usual living costs, my said Trustee shall use and pay any part or the whole of one-half share of the principal of this Trust Fund to defray such additional expenditures of the beneficiary so affected, or the amount thereof ”. The testator then sets forth:
“ [A]nd, my said Trustee, in his discretion, may apply, in like manner, such principal for the general maintenance, support or other needs or comforts of either beneficiary”.
“Upon the death of both beneficiaries, I give, devise, and bequeath the corpus of this Trust to the ‘ Order of the Eastern Star of the State of New York ’ ”.
Paragraph Tenth, subdivision (d) uses identical language.
From a reading of the will, it is clear that the testator’s primary concern was for the welfare of the life beneficiaries.
It is inconceivable that in drawing his will he would have had two separate thoughts as to the invasion of the trust corpus. As stated in the will testator definitely directs his trustee to use any part or the whole of one-half share thereof for surgery or other happening whatsoever befalling either beneficiary in addition to said beneficiaries’ living expenses. The testator then provided that his trustee may apply, in like manner such principal for general maintenance, support or other needs or comfort of either beneficiary. There must be a purpose to serve since words are not meaningless, two designations were made by testator. If testator wanted to limit the invasion to a one half, he could have done so in one thought. It can only be concluded that testator’s primary concern was for the welfare of the life beneficiaries. He was not concerned with the preservation of the trusts. The disposition to the charity was to avoid *73 intestacy if any trust corpus remained. Paragraph Tenth, subdivision (d) uses identical language and the same interpretation is applied. The court holds that under paragraph Tenth, subdivisions (c) and (d) of the will a single trust is created for the joint lives of the two beneficiaries and that they may not be divided into separate trusts.